IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERICKA RODGERS,

Plaintiff,

v.

ARABELLA HEALTH AND WELLNESS OF MONTGOMERY, LLC,

Defendant.

Civil Action No.:

## COMPLAINT

**INTRODUCTION**

This is an action for legal and equitable relief to redress unlawful employment practices committed by Defendant against Plaintiff in violation of the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), and the Pregnant Workers Fairness Act (PWFA), 42 U.S.C. § 2000gg et seq.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it arises under federal statutes.

2. Venue is proper in the Northern Division of the Middle District of Alabama under 28 U.S.C. § 1391(b), because a substantial part of the

events giving rise to the claim occurred in this judicial district. Defendant conducts business in Alabama, operates a facility located in Montgomery County, Alabama, and employed Plaintiff at that facility.

**PARTIES**

3. Plaintiff Tericka Rodgers is an adult resident of Alabama over the age of 19.

4. Defendant Arabella Health and Wellness of Montgomery, LLC is a foreign limited liability company headquartered in Hollywood, Florida. At all relevant times, Defendant operated a medical or wellness facility in Montgomery County, Alabama, employed staff in Alabama, and was engaged in interstate commerce. Defendant employs more than fifteen (15) employees and is an "employer" within the meaning of Title VII, the PDA, and the PWFA.

**STATEMENT OF FACTS**

5. Plaintiff began working for Defendant on October 9, 2024.

6. On November 21, 2024, Plaintiff attended a prenatal doctor's appointment where her physician imposed a restriction limiting her from lifting over 30 pounds during her pregnancy.

7. Plaintiff promptly provided this Work/School Statement to Defendant's Human Resources representative, Jessica Jones, that same day.

8. Upon receiving the restriction, Ms. Jones informed Plaintiff that she would be a "liability" to the company and would need to have the restriction lifted to maintain her employment.

9. Plaintiff returned to her doctor's office later that day and explained that her employer required the restriction to be lifted. The office subsequently issued an updated statement removing the lifting restriction.

10. Plaintiff immediately provided the updated Work/School Statement to Ms. Jones on November 21, 2024.

11. Despite this, Defendant terminated Plaintiff's employment on November 21, 2024.

12. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on December 10, 2024, alleging violations of the Pregnancy Discrimination Act and the Pregnant Workers Fairness Act.

13. Plaintiff received a Notice of Right to Sue dated June 13, 2025, and this lawsuit has been timely filed within 90 days of Plaintiff's receipt of the Notice.

14. A true and correct copy of the Notice of Right to Sue is attached to this Complaint as Exhibit A and was filed simultaneously with this Complaint.

15. In its Position Statement to the EEOC, Defendant claimed it offered Plaintiff a temporary reassignment to a Housekeeping position as an accommodation and that Ms. Jones confirmed with the doctor's office that the restrictions had not been lifted.

16. Plaintiff denies that any reassignment to Housekeeping was ever offered to her.

17. Plaintiff obtained a letter from her doctor's office stating that no one from Defendant contacted them concerning Plaintiff's restrictions.

18. Plaintiff requested a reasonable accommodation for her pregnancy-related restriction, specifically avoiding lifting over 30 pounds.

19. Defendant did not engage in an interactive process or attempt to provide any accommodation and instead terminated her. If Defendant had offered Plaintiff a temporary position in Housekeeping to accommodate her restrictions, Plaintiff have gladly accepted the

position in order to maintain gainful employment during her pregnancy.

20. Plaintiff contends that Defendant's purported reasons for termination are false and pretextual.

21. Plaintiff was terminated because of her pregnancy-related restrictions and her request for accommodation.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA), 42 U.S.C. § 2000e(k)

22. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Defendant discriminated against Plaintiff on the basis of pregnancy by terminating her employment because of her pregnancy-related medical restriction and request for accommodation.

24. Defendant's conduct constitutes unlawful sex discrimination in violation of Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act.

25. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages, emotional distress, inconvenience, humiliation, and other damages.

## COUNT II – VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT (PWFA), 42 U.S.C. § 2000gg et seq.

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

27. Defendant failed to provide a reasonable accommodation for Plaintiff's known limitations related to pregnancy, despite such accommodation being reasonable and not imposing an undue hardship.

28. Defendant failed to engage in the interactive process required under the law.

29. Defendant instead forced Plaintiff to seek the removal of her restriction or face termination and ultimately terminated her employment.

30. Defendant's actions constitute a violation of the Pregnant Workers Fairness Act.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, emotional distress, inconvenience, and other damages.

## DAMAGES

32. Back pay, front pay, and lost benefits;

33. Compensatory damages for emotional distress, mental anguish, and humiliation;

34. Punitive damages for willful and reckless violations of federal law;

35. Injunctive relief requiring Defendant to adopt and implement policies consistent with the PDA and PWFA;

36. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and related provisions;

37. Pre-judgment and post-judgment interest;

38. Such other and further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

A. Award Plaintiff all compensatory and punitive damages available under law;

B. Award Plaintiff back pay, front pay, and benefits lost as a result of Defendant's conduct;

C. Award Plaintiff reasonable attorneys' fees and the costs of this action;

D. Order appropriate injunctive relief;

E. Award pre- and post-judgment interest;

F. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

This the 19th day of July, 2025.

Ramon Martin
The Justice Law Firm, LLC
505 20th Street N.
Suite 1220-1157
T: (205) 983-2017
E: Ramon.Martin@LegalJusticeMatters.com
Attorney for Plaintiff Tericka Rodgers


<u>/s/ Ramon Martin</u>
Ramon Martin